RECEIVED
IN LAKE CHARLES, LA
OCT 3 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:07 CR 20040-001** |
| **VS.** | : | **JUDGE MINALDI** |
| **JOSHUA WILLIAMS** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

Objections numbered 1-5, 10-18, and 20-21 do not affect the guidelines. Accordingly, a ruling from this court is not required.

In objection 6, the defendant asserts that the firearm was loaned to the defendant by Deputy Shenandoah Jones. Because the weapon was on loan, the defendant asserts that he should not be assessed two points in ¶27.

USSG §3E1.1 mandates an assignment of two points if the firearm was stolen. The undisputed facts establish that the defendant misrepresented himself to Deputy Jones by saying that he was a police officer from Texas. The defendant obtained the weapon under false pretenses. Then, although the weapon was loaned to Williams for a specific purpose, he failed to return the weapon upon completion of the task. The Oxford English Dictionary defines "steal," as "to take dishonestly or secretly." This definition does not suggest that a permanent deprivation is required in order to conclude that property is "stolen." The Sixth Circuit in *United States v. Jackson*, 401 F.3d 747, 750

( 6th Cir., 2005) and the Tenth Circuit in *United States v. Herrman*, 99 F.3d 1151 (10th Cir., 1996), found that a defendant's intent to "permanently deprive" is not required in order for a firearm to be "stolen" for purposes of U.S.S.G. § 2K2.1. In the case at bar, Williams acquired the weapon dishonestly and it was not returned. Accordingly, the two level assessment was proper.

Mr. Williams also asserts that he was not impersonating a police officer as noted in ¶28 of the PSR, therefore the four-level enhancement is not proper.

The defendant did become a commissioned police officer in the Iowa Police Department. The commission, however, was based upon omissions concerning his criminal history. Had the Police Department in Iowa known of his true criminal history, he would not have been qualified to be an officer. A four level increase was included in the PSR pursuant to USSG §2K2.1(b)(6).

U.S.S.G.§2K2.1(b)(6) states:

**(6)** If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

LSA R.S. 14:112.2(E) states that the fraudulent portrayal of a law enforcement officer is a felony under Louisiana law. Williams possessed a firearm during a fraudulent portrayal as a police officer. Accordingly, this four-level enhancement is correct.

Pursuant to the foregoing ruling, the correct offense level is 17. Objection 8 is overruled.

In commenting on ¶39 of the PSR, the defendant indicates that the deferred adjudication in November, 2002, became an acquittal. Absent evidence of this alleged acquittal, the criminal history points are correct.

Considering the foregoing, the guidelines were correctly applied in this case and the defendant's objection number 19 is overruled. The correct offense level is 17. With a criminal history category of III, the guideline imprisonment range is 30 to 37 months.

Lake Charles, Louisiana, this __30__ day of September, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE