RECEIVED
IN LAKE CHARLES, LA
OCT 21 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:07 CR 20040 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JOSHUA WILLIAMS | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

The defendant has filed a Motion to Reconsider this court's prior ruling on his objections to the Presentence Report ("PSR").

Williams cites *United States v. Handler*, 142 F.2d 351 (2nd Cir. 1944) to argue that theft should be defined as "to take dishonestly with the intent to deprive the owner of use without his consent." *Handler* was a case that discuss the language contained in the National Stolen Property Act and its statutory formulation, along with how this language reconciled with New Jersey state law. *Handler* is easily distinguished from cases which discuss "stolen" pursuant to the United States Sentencing Guidelines.

In *United States v. Cruz-Santiago*, 12 F.3d 1, 3 (1st Cir.1993), addressing U.S.S.G. Section 2B3.1, the First Circuit noted that the Guidelines focus on whether the offender's behavior created a significant risk of loss, not on whether the property owner actually suffered the permanent loss of his property.

The court in *United States v.* Jackson 401 F.3d 747, 750 (6th Cir., 2005) used the Oxford English Dictionary's definition of "steal," as "to take dishonestly or secretly" and found that none

of these formulations suggest that a permanent deprivation is required in order to conclude that property is "stolen."

As noted in this court's original ruling on the objections, the Tenth Circuit addressed the precise question before us, and rejected the same argument Williams presents here. In *United States v. Herrman*, 99 F.3d 1151 (10th Cir. Oct. 28, 1996), 1996 U.S.App. LEXIS 27842, at *4, a panel of the Tenth Circuit held in an unpublished opinion that a defendant's intent to "permanently deprive" is not required in order for a firearm to be "stolen" for purposes of U.S.S.G. § 2K2.1.

The defendant further suggests that his commission was received under martial law without an application process. Williams states that the Mayor was satisfied with his service. Williams further argues that "Impersonation of a Police Officer has never been expanded to include a commissioned officer who did not disclose qualifying information that was not even requested."[1]

LSA R.S. 14:112.2 states (in pertinent part) that:

A. Fraudulent portrayal of a law enforcement officer or firefighter is the impersonation of any law enforcement officer or firefighter for the purpose of obtaining access to a public building, facility, or service. The fraudulent portrayal includes but is not limited to any of the following:

(1) Portraying or impersonating a law enforcement officer or firefighter by any means.

(2) Possessing, without authority, any uniform or badge by which a law enforcement officer or firefighter is identified.

(3) Performing any act purporting to be official while portraying a law enforcement officer or firefighter.

---

[1] Defendant's Memorandum in Support of Reconsideration, p.1.

(4) Making, altering, possessing, or using a false document or document containing false statements which purports to be a training program certificate or in-service training certificate or other documentation issued by the Council on Peace Officer Standards and Training, pursuant to R.S. 40:2405, which certifies the peace officer has successfully completed the requirements necessary to exercise his authority as a peace officer.

(5) Making, altering, possessing, or using any false documents or credentials which purport to identify the person as a law enforcement officer or firefighter.

B. For the purposes of this Section, "law enforcement officer or firefighter" shall include police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, firemen, and probation and parole officers...

E. Whoever commits the crime of fraudulent portrayal of a law enforcement officer or firefighter shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than two years, or both.

LSA-R.S. 14:112.2

There are few cases interpreting this statute. The statute defines "fraudulent portrayal of a law enforcement officer" as the impersonation of any law enforcement officer for the purpose of obtaining access to a public building, facility, or service. Blacks Law Dictionary Sixth Edition defines "fraudulent" as "based on fraud." The definition of "fraud" includes "false representation":

A false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury.

Williams asserts that because he was not asked, he did not need to disclose his criminal history. Because of the emergency caused by Hurricane Rita, he attempts to justify this omission arguing that

3

to consider him as having impersonated a police officer under these circumstances would be a "dangerous and unwarranted expansion" of the law. The court is not persuaded. The fact that this occurred during a state of emergency and the defendant was armed, makes it all the more egregious. The defendant's motion for reconsideration IS DENIED.

Williams then asserts that he testified against "a killer" and helped saved lives in the aftermath of the hurricane, warranting a downward departure. The defendant will be given an opportunity for allocution at sentencing. The court will consider this request at that time.

Lake Charles, Louisiana, this ᴅ\L day of October, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE